UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

David A. Hagar

   v.                                                          Civil No. 05-cv-344-SM

State of Maine, et al.

**REPORT AND RECOMMENDATION**

*Pro se* petitioner David A. Hagar has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (document nos. 1 and 2). The petition is before me for preliminary review. See Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review *pro s e* pleadings). For the reasons stated below, I recommend that the petition be dismissed without prejudice for lack of subject matter jurisdiction.

**Background**

Hagar is a resident of New Hampshire and an employee of the Portsmouth Naval Shipyard. He brings this petition for a writ of

habeas corpus, broadly alleging that his liberty was restrained during the course of civil proceedings before the New Hampshire Superior Court (Strafford County).  While the precise issues raised in the instant petition are unclear, they appear to relate to Hagar's ongoing civil proceedings in Stafford County.  In the state court proceedings, he challenged, among other things, taxes imposed upon him by the State of Maine following a 2001 United States Supreme Court decision involving a boundary dispute between the states of Maine and New Hampshire, see New Hampshire v. Maine, 532 U.S. 742 (2001).[1]

At all times relevant to this petition, the record reflects that Hagar was not incarcerated pursuant to a state court judgment or otherwise subjected to substantial restraints upon his liberty.  Although he brings this action for federal habeas relief pursuant to Section 2254, he does not challenge any conviction or confinement, allege any cognizable federal claim or identify with particularity the relief he seeks from this Court.

---

[1] The Supreme Court held that the Portsmouth Naval Shipyard was within the State of Maine, see also Ayotte v. State Tax Assessor, 797 A.2d 730 (2002) (taxpayers, all residents of New Hampshire, appealed a decision of the Maine Revenue Services demanding payment of income tax and assessing penalties and interest).

**Standard of Review**

In reviewing a *pro se* petition, this Court must construe the pleadings liberally and in favor of the *pro se* petitioner. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by a petitioner and the inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988). I apply this standard in reviewing Hagar's petition.

**Discussion**

Section 2254 permits habeas corpus review for a person who alleges that he is ". . . in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional and is satisfied if the petition is filed while

the petitioner is in custody pursuant to the conviction or sentence being attacked.  Spencer v. Kemna, 523 U.S. 1, 7 (1998)(citing Carafas v. La Vallee, 391 U.S. 234, 238 (1968) and Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Actual physical imprisonment is not required, see Hensley v. Municipal Court, San Jose-Milpitas Judicial Dist., 411 U.S. 345, 351 (1973)(release on own recognizance) and Lefkowitz v. Newsome, 420 U.S. 283, 286 (1975)(release on bail pending appeal), so long as a petitioner suffers from substantial restraints not shared by the public, Jones v. Cunningham, 371 U.S. 236, 243 (1963) (parole).

Where a petitioner's sentence has expired, a concrete and continuing injury resulting from the conviction – that is, a collateral consequence of the conviction – must exist if the suit is to be maintained.  See Carafas, 391 U.S. at 237-38.  The "in custody" requirement has never been extended to the situation where a habeas petitioner suffers no present restraint from a conviction at the time the petition is filed.  See Maleng, 490 U.S. at 492.

In the instant petition, Hagar does not allege that he is in custody pursuant to a state court judgment or that he filed the petition while he was incarcerated.  There is no indication

that he is currently subject to conditions of release while awaiting trial or that his freedom of movement otherwise rests in the hands of judicial officers.  See Hensley, 411 U.S. at 351. Because Hagar does not challenge any conviction or sentence which has caused him to be placed into custody or otherwise deprived him of liberty, I conclude that he has not satisfied the "in custody" requirement under Section 2254 and, therefore, has not met the statutory jurisdictional prerequisite.

## Conclusion

For the foregoing reasons, I recommend that the petition be dismissed without prejudice for lack of subject matter jurisdiction.

If this report and recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure

to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: November 1, 2005
cc:   David A. Hagar, *pro se*